**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LEWIS TEMPLETON,

    Defendant - Appellant.

No. 17-2091
(D.C. No. 2:16-CR-03859-JFM-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **MORITZ** and **EID**, Circuit Judges.

Lewis Templeton was convicted of being a felon in possession of a firearm. The conviction arose out of a search of his home following Templeton's sale of marijuana to a confidential informant. On appeal, Templeton challenges a four-level enhancement to his offense level for possessing firearms that had the potential of facilitating another felony offense. Templeton alleges that evidence presented in the district court regarding the physical proximity between the firearms and the marijuana sale was insufficient to establish that the firearms had the potential of facilitating the drug sale. We hold that Templeton waived this argument because he did not raise it at the sentencing hearing.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm the district court's application of the four-level enhancement under § 2K2.1(b)(6)(B) of the 2016 United States Sentencing Guidelines ("USSG").

## I.

On November 2, 2015, a confidential informant advised agents with the Lea County Drug Task Force that Templeton was selling marijuana from his home. Presentence Report ("PSR") ¶ 6. The same day, at the request of the agents, the confidential informant successfully purchased an unknown amount of marijuana from Templeton "at his residence." *Id.* ¶ 39. On November 3, 2015, agents from the drug task force executed a search warrant at Templeton's address. *Id.* ¶ 7.

During the execution of the search warrant, Templeton agreed to speak with an agent and disclosed that there were three baggies of methamphetamine in a tin in his bedroom. Agents found the baggies, which weighed approximately 1.8 grams and field tested positive for methamphetamine. *Id.*; Addendum to PSR at 1.

Agents also found two loaded semi-automatic rifles between the mattress and box spring in Templeton's bedroom. PSR ¶¶ 7–8. One of the rifles had a sawed-off barrel and lacked registration. *Id.* ¶ 8.

A federal warrant was issued for Templeton's arrest and he was arrested on May 4, 2016. *Id.* ¶ 10. Templeton pleaded guilty to a one-count Information filed in the United States District Court for the District of New Mexico, charging Templeton with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). PSR ¶¶ 1–2.

According to USSG § 2K2.1, a violation of 18 U.S.C. § 922(g)(1) yields a base offense level of 20 when the defendant is a prohibited person who possessed a sawed-off rifle. PSR ¶ 15; *see also* USSG §§ 2K2.1(a)(4)(B)(i)(II) and (ii)(I). The presentence report included an enhancement to Templeton's base offense by four levels because "the defendant possessed two rifles in connection with his possession of approximately 1.8 grams of methamphetamine."[1] PSR ¶ 16; *see also* USSG § 2K2.1(b)(6)(B). The offense level was decreased by a total of three levels because Templeton demonstrated acceptance of responsibility for the offense and assisted the investigation "by timely notifying the authorities of the intention to enter a plea of guilty." PSR ¶¶ 22–23; *see also* USSG § 3E1.1. Based on a total offense level of 21 and a criminal history category of III, the imprisonment range under the USSG was forty-six to fifty-seven months. PSR ¶ 82; USSG Ch. 5, Part A.

On January 6, 2017, Templeton filed an objection to paragraph sixteen of the presentence report, which stated that Templeton "possessed two rifles in connection with his possession of approximately 1.8 grams of methamphetamine," PSR ¶ 16, on the grounds that he did not possess methamphetamine. He asserted that the substance was not confirmed to be methamphetamine and that it belonged to his girlfriend. R. on Appeal, Vol. I, Def.'s Objection to PSR (Doc. 27) at 1–2. Templeton objected to the government's four-level enhancement under USSG § 2K2.1(b)(6)(B) on this basis,

---

[1] Section 2K2.1(b)(6)(B) prescribes a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."

contending that the offense level should be 17, which would result in a sentence of thirty to thirty-seven months. *Id.* at 9 n.1. Templeton requested a thirty-month sentence. *Id.*

The government responded to Templeton's objection, asserting that the four-level enhancement was appropriate because methamphetamine was packaged for distribution and two rifles were found in Templeton's bedroom. R. on Appeal, Vol. I, Govt.'s Resp. to Def.'s Objection to PSR (Doc. 28) at 2.

At the sentencing hearing on May 22, 2017, Templeton challenged the government's failure to obtain a lab report identifying the substance contained in the baggies found in Templeton's bedroom and contended that there was no proof that the baggies contained methamphetamine. R. on Appeal, Vol. III, Tr. at 3:8–9, 15–20; 4:14–5:7. Templeton's counsel asserted that the four-level enhancement should not apply because the government did not establish that there was methamphetamine in Templeton's home. *Id.* at 3:10–20. After hearing this argument, the court stated that it would not add the four-level enhancement. *Id.* at 5:22.

The government then offered the sale of marijuana to the confidential informant the day before Templeton's arrest as an alternative basis for the four-level enhancement.[2] The court indicated that it agreed with the government's argument. *Id.* at 6:12.

Counsel for Templeton objected, stating:

---

[2] The government stated, "a controlled buy was done at [Templeton's] residence for marijuana the day before the search warrant was executed. . . . So even if [Templeton's counsel] takes issue with the fact of whose methamphetamine it was, . . . there's also the independent basis of the prior controlled purchase." R. on Appeal, Vol. III, Tr. at 5:25–6:11.

[C]ertainly he wasn't charged with possession with intent to distribute marijuana. He wasn't charged with any sale of marijuana. No marijuana was recovered here. So the connection suggesting that a marijuana sale from the day before is tenuous when the issue here is, we objected to the issue of the government saying it's a controlled substance, and that being meth, and we're saying it's not.

*Id.* at 6:15–21. The court was not persuaded by the objection. *Id.* at 6:24–25.

The court imposed a sentence of forty-six months in custody with two years of supervised release. *Id.* at 13:2–8. The district court entered a judgment and Templeton filed a timely notice of appeal. R. on Appeal, Vol. I, Docs. 34, 35.

On appeal, Templeton contends that the government did not present sufficient evidence that the firearms were possessed "in connection with" the sale of marijuana to support the application of § 2K2.1(b)(6)(B). Aplt. Br. at 6. In particular, Templeton argues that the government did not show that the firearms were in "close proximity" to the marijuana sale. *See* Application Note 14(B)(ii) to § 2K2.1. The government argues that Templeton failed to raise the argument that there was insufficient evidence to support the application of that enhancement in district court. Aple. Br. at 4. Specifically, the government asserts that Templeton "raised no issue regarding the location of the firearms in relation to the marijuana sale at Templeton's residence or the potential for the firearms to facilitate the drug transaction." *Id*. at 3. We agree, and therefore conclude that Templeton waived the argument.

## II.

We generally review issues on appeal that were not raised in district court for plain error. *United States v. Courtney*, 816 F.3d 681, 684 (10th Cir. 2016). However, we

5

decline to review for plain error factual issues regarding the application of the U.S. Sentencing Guidelines that were not raised before the district court. *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994). As we explained in *Deninno*, a factual challenge regarding the application of the guidelines that was not raised before the trial court at sentencing "acts as an admission of fact" and is waived for appeal. *Id.* at 580. The rationale behind this approach is that "when a defendant properly raises the disputed factual issues in the district court, a record sufficient to permit adequate review is thereby developed. On the other hand, when a defendant fails to raise the issue below, we have no factual record by which to review the application of the guidelines." *United States v. Saucedo*, 950 F.2d 1508, 1518 (10th Cir. 1991), overruled on other grounds by *Stinson v. United States*, 508 U.S. 36 (1993); *see also United States v. Bass*, 411 F.3d 1198, 1208 (10th Cir. 2005) (Tymkovich, J., concurring in part and dissenting in part) (noting that where a defendant has failed to make a factual challenge before the district court, "we do not have a sufficient record to evaluate the accuracy of the district court's determination of those facts. This is precisely the concern that has in the past led the court to decline to review factual sentencing claims for plain error."). Thus, a failure to raise a factual challenge before the trial court at sentencing prevents the development of the record on the particular factual issue in question, precluding review. That is what occurred in this case.

Templeton argues that he did in fact raise the issue of the physical proximity between the marijuana and the firearms in the district court. In particular, he points to the objection that was made by his counsel at the sentencing hearing, which stated, "the

connection suggesting that a marijuana sale from the day before is tenuous when the issue here is, we objected to this issue of the government saying it's a controlled substance, and that being meth, and we're saying that it's not." R. on Appeal, Vol. III, Tr. at 6:17–21. Before this court, Templeton focuses on the word "tenuous," suggesting that the term raised the issue of physical proximity between the marijuana and the firearms. However, that term cannot bear the weight that Templeton places on it.

The context of the objection was that the district court had agreed with Templeton that the methamphetamine could not serve as a basis for a sentencing enhancement under § 2K2.1(b)(6)(B). When the government asserted that the sale of marijuana to the confidential informant the day before Templeton's arrest could serve as an alternative basis for the application of the enhancement, Templeton argued that the marijuana could not serve that purpose because the buy and the search did not occur on the same day. Thus, when Templeton referred to the "tenuous" connection, he was referring to a *temporal* relationship between the marijuana sale and the discovery of the firearms, rather than a *spatial* connection between the two. The issue of the physical proximity between the location of the marijuana sale and the firearms was never brought to the district court's attention.

Templeton's failure to raise an objection to the sentencing enhancement in the district court based on the physical proximity of the firearms to the marijuana sale prevented the district court from addressing the factual dispute and, as a result, the record is not developed on this issue on appeal. At oral argument, for example, a key factual dispute involved whether the presentence report's reference to the marijuana sale taking

7

place "at his residence" established that the drug sale took place inside Templeton's residence, or instead, on the porch or in the driveway of Templeton's residence. The district court was deprived of the opportunity to resolve the meaning of "at his residence" because the factual dispute was not raised at the sentencing hearing. Because Templeton did not raise the issue of the physical proximity or connection between the firearms and the marijuana sale before the district court, he waived his right to raise this issue on appeal, and we therefore do not reach the merits of his challenge.

\*\*\*

For the reasons stated above, we AFFIRM the district court's application of the four-level sentencing enhancement pursuant to USSG § 2K2.1(b)(6)(B).

Entered for the Court

Allison H. Eid
United States Circuit Judge